UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE FAMANIA, GILBERTO FAMANIA, MYRNA FAMANIA, and IDALIA ALERS<br><br>    Plaintiffs<br><br>v.<br><br>WHITNEY PLACE AT NATICK, INC.<br>    Defendant | CIVIL ACTION No. 05-10996-WGY |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

**I.     INTRODUCTION**

Defendant Whitney Place at Natick, Inc. ("Defendant" or "Whitney Place") moves to dismiss the Complaint, allegedly filed on a *pro se* basis by Jose Famania.  The Complaint, filed in this Court on May 13, 2005, does not conform with the requirements of Rule 11 of Federal Rules of Civil Procedure, as well as the Local Rules of Procedure 83.5.2(b) and 83.5.3(c) for the District Court of Massachusetts.  None of the Plaintiffs signed the Complaint.  Jose Famania purports to enter an appearance *pro se*, but he did not sign the Complaint on his own behalf, as required under the Federal Rules of Civil Procedure and Local Rules.  Furthermore, assuming that Jose Famania properly filed the Complaint on his own behalf as a *pro se* plaintiff, he cannot file a complaint on behalf of the other Plaintiffs.  As such, the Complaint should be dismissed as to all four purported Plaintiffs.

## II. BACKGROUND

The Complaint was filed on May 13, 2005. It alleges claims on behalf of four Plaintiffs, Jose Famania, Gilberto Famania, Myrna Famania, and Idalia Alers. None of the Plaintiffs signed the Complaint.

The Complaint, however, purports to have been filed by Plaintiff Jose Famania. Jose Famania did <u>not</u> sign the Complaint. Jose Famania's "signature" appears to have been written by Joan Altamore, whose initials appear next to his name, because the signature block indicates that Mr. Famania's contact information is c/o Joan Altamore, 39 Glendowner Road, Roslindale, Massachusetts, 02131. However, the Complaint alleges that Jose Famania's current address is 75B Second Street, Framingham, Massachusetts. There is no statement on the Complaint that Jose Famania is acting *pro se*. None of the three other Plaintiffs signed the Complaint, nor is there any statement they are acting *pro se*, or authorized any other person to act on their behalf.

## III. ARGUMENT

### A. The Complaint Should Be Dismissed. It Has Been Improperly Filed Pursuant to Rule 11 and Local Rule 83.5.2(b) and 93.5.3(c)

The Complaint should be dismissed, as it as not properly filed pursuant to the Rules of Civil Procedure and this Court's Local Rules. Jose Famania did <u>not</u> sign the Complaint – Joan Altamore apparently signed the document on his behalf. This is improper. Federal Rule of Civil Procedure 11(a) requires that

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not <u>represented by an attorney, shall be signed by the party</u>.

Although Jose Famania was required to personally sign the Complaint, in violation of Rule 11, he did not. Further, pursuant to Local Rule 83.5.2(b), a party who wishes to represent himself *pro se* must sign his own papers filed with the Court. The rule states:

> A party who appears *pro se* shall so state in the initial pleading or other paper filed by him or in his notice of appearance. The words "*pro se*" shall follow his signature on all papers subsequently filed by him in the same case.

Clearly, Jose Famania did not sign the Complain on file with the Court. It is not Jose Famania's signature. As such, the Complaint is improperly filed pursuant to both the Federal Rules of Civil Procedure and the Local Rules of this Court, and must be dismissed.

      **B.    As a *Pro Se* Plaintiff, Jose Famania Cannot File A Complaint On Behalf Of The Other Three Plaintiffs.**

Assuming *arguendo* that Jose Famania properly filed the Complaint on his own behalf, he cannot file a Complaint on behalf of the three other Plaintiffs. A *pro se* Plaintiff may only represent himself. Pursuant to Local Rule 83.5.3( c) , a person who is not a member of the bar, and who is not an attorney, may be allowed to appear and practice before the court "only on his own behalf." Assuming *arguendo* Jose Famania has properly entered a pro se appearance through the filing of the Complaint, he cannot represent the Plaintiffs Gilberto Famania, Myrna Famania and Idalia Alers. As such, the Complaint has not been properly filed vis-à-vis the other three Plaintiffs, and should be dismissed.

**IV.    CONCLUSION**

For the foregoing reasons, this Court should dismiss this Complaint for failure to comply with the Federal Rules of Civil Procedure and the Local Rules.

                                  WHITNEY PLACE AT NATICK, INC.

                                  By its attorneys,

                                  /s/Brian E. Lewis
                                  Richard D. Wayne, BBO #518200
                                  Brian E. Lewis, BBO #643717
                                  HINCKLEY, ALLEN & SNYDER, LLP
                                  28 State Street
Dated:  May 25, 2005               Boston, MA  02109
                                  (617) 345-9000

## CERTIFICATE OF SERVICE

    I, Brian E. Lewis, certify that on this 25th day of May 2005, I served a copy of the foregoing *Defendant's Memorandum of Law in Support of Motion to Dismiss* upon Jose Famania, Gilberto Famania, Myrna Famania, and Idalia Alers, c/o Joan Altamore, 39 Glendowner Road, Roslindale, Massachusetts  02131.

                                                          /s/ Brian E. Lewis