# UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 10996 WGY

JOSE FAMANIA,
GILBERTO FAMANIA,
MYRNA FAMANIA AND IDALIA ALERS

    Plaintiffs

v.

Whitney Place at Natick, Inc.
Defendant

---

**PLAINTIFFS MEMORANDUM OF LAW
IN OPPOSITION
OF DEFENDANT'S MOTION TO DISMISS**

---

**I.   Introduction**

    Plaintiffs move this honorable court to dismiss Defendant's Motion to Dismiss their Complaint.  The Complaint, filed in this Court on Friday, May 13, 2005, is now in conformity with the requirements of Rule 11 of the Federal Rules of Civil Procedure, as well as the Local Rules of Procedure 83.5.2(b) and 83.5.3( c) for the District Court of Massachusetts.

    After consultation with the Clerk of the Court, the signature of lead Plaintiff, Jose Famania, was affixed to the Complaint.  This was because Attorney Joan M. Altamore has not

-1-


yet been admitted to the District Court of Massachusetts. Time constraints necessitating filing this matter no later than Friday, May 13, 2005. Therefore, it was adjudged correct for the Complaint to be submitted on a *pro se* basis.

As Defendant has now notified plaintiffs of their objection to this manner of filing, Plaintiffs now hereby attach a Complaint affixed with the signature of each "*pro se*" plaintiff. As such, pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "an unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of attorney or party." Plaintiffs aver that said submission now places them in compliance with said rule and permits this honorable court to dismiss Defendant's Motion to Dismiss.

**II.  Background**

Plaintiffs were issued Notice to Sue letters by the Equal Employment Opportunity Commission (hereinafter "E.E.O.C.") on February 14, 2005. Plaintiffs Right to Sue expired ninety days, May 14, 2005, from the issuance of the letter. Plaintiffs sought legal assistance but were unable to secure same until much of the period had elapsed. As such, there were significant time constraints.

In order to meet the filing deadline, Plaintiffs consulted with Attorney Altamore in the preparation of the Complaint. Once

complete, it was presented for filing. The Clerk of the Court was questioned as to signatures needed for filing.[1] In good faith and in order to meet the filing deadline, lead plaintiff Jose Famania's signature was affixed. Said Complaint was therefore filed in this honorable court on Friday, May 13, 2005 alleging claims on behalf of four (4) plaintiffs, Jose Famania, Gilberto Famania, Myrna Famania and Idalia Alers against Defendant Whitney Place at Natick.

On or about May 27, 2005, Plaintiffs were in receipt of Defendant's Motion to Dismiss. Plaintiff's reviewed the rules and have been advised on the matter. As such, each plaintiff has now affixed their signature to the Complaint as well as this Motion and its supporting documents. Said Complaint is now being presented to this honorable court for acceptance.

**III. Argument**

**A.    The Complaint Should Not Be Dismissed.**

Plaintiffs argue that this Complaint should not be dismissed as proper filing pursuant to the Federal Rules of Civil Procedure and the Local Rules has been affected. Federal Rule 11 states,

> Every pleading, written motion, and other paper shall
> be signed by at least one attorney of record in the

---

[1] Please note that Attorney Altamore is a member in good standing with the Board of Bar Overseers in the Commonwealth of Massachusetts. Attorney Altamore has been admitted to the First Circuit Court of Appeals which permitted signature on a Complaint while admission was still pending.

>     attorney's individual name, or, if the party is not
>     represented by an attorney, shall be signed by the
>     party.  Each paper shall state signer's address and
>     telephone number, if any... An unsigned paper shall be
>     stricken **unless omission of the signature is corrected
>     promptly after being called to the attention of
>     attorney or party (emphasis added)**.

Once Defendant notified plaintiffs of their objection to the manner in which the Complaint was signed, it was corrected.  Each plaintiff has now affixed their signature to the Complaint.  Said Complaint is being filed with this honorable court on Wednesday, June 1, 2005.  Said compliance should be considered prompt in that less than seven (7) days, including a Saturday, Sunday and Holiday, have passed since their notification of Defendant's objection.  Therefore, the Complaint should not be stricken, as to Plaintiff Jose Famania and the other three Plaintiffs.

Additionally, Defendant objected pursuant to Local Rule 83.5.2(b) in which a party who wishes to represent himself must sign his own papers filed with this honorable court and make the "pro se" representation in the initial pleading and all subsequent papers.  The Complaint now includes such representation as does this Opposition Motion and Memorandum of Law.

B.   **Each Pro Se Litigant Has Signed the Complaint**

Defendant argues that Plaintiff Jose Famania is not permitted to sign the Complaint on behalf of the other Plaintiffs.  As each Plaintiff has now signed the Complaint, this

-4-

argument should be considered moot and dismissed.

**IV.  Conclusion**

For the forgoing reasons, this Court should not dismiss this Complaint.  Plaintiffs desire this court to know that the omission of all signatures was unintentional in that they believed that they were in compliance with the appropriate filing procedures of this court.  Failure to dismiss Defendant's Motion will unduly prejudice Plaintiffs and their ability to proceed with their claims of discrimination.

Respectfully submitted,

_____
Jose Famania - Pro Se

_____
Gilberto Famania - Pro Se

_____
Myrna Famania - Pro Se

_____
Idalia Alers - Pro Se

C/O Joan M. Altamore
39 Glendower Road
Roslindale, Massachusetts 02131
(617) 686-1719

Date: 6/1/05

-5-

**CERTIFICATE OF SERVICE**

I, Jose Famania, do hereby certify that on this 1st day of June 2005, I served a copy of the foregoing <u>Memorandum of Law in Opposition to Defendant's Motion to Dismiss</u> upon Brian E. Lewis, Esquire, Hinckely Allen Snyder LLP, 28 State Street, Boston, Massachusetts, 02108-1775

*/s/ Jose Famania*
Jose Famania

# UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 10996 WGY

JOSE FAMANIA,
GILBERTO FAMANIA,
MYRNA FAMANIA AND IDALIA ALERS

    Plaintiffs

v.

Whitney Place at Natick, Inc.
Defendant

## COMPLAINT

### FACTS

1. Jose Famania is an adult male individual currently residing at 75B Second Street in Framingham, Massachusetts, 01702.

2. Gilberto Famania is an adult male individual currently residing at 75B Beaver Park Road in Framingham, Massachusetts, 01702.

3. Myrna Famania is an adult female individual currently residing at 32 Pine Street in Framingham, Massachusetts, 01702.

4. Idalia Alers an adult female individual currently residing at 109A Beaver Terrace Circle in Framingham, Massachusetts, 01702.

5. Whitney Place at Natick, Inc. (hereinafter known as "Whitney Place") is an assisted living campus with more than one hundred (100) employees whose principal place of business is located at One Lyman Street, Westborough, Massachusetts, 01581 and is incorporated in the Commonwealth of Massachusetts in 1994. Its registered agent is Daniel J.

       Salmon, Jr. who is located at One Lyman Street, Westborough, Massachusetts, 01581.

6. Plaintiff Jose Famania is Hispanic, a national of Puerto Rico and is fluent in Spanish; he speaks minimal to little English.

7. Plaintiff Gilberto Famania is Hispanic, a national of Puerto Rico and is fluent in Spanish and English.

8. Plaintiff Myrna Famania is Hispanic, a national of Puerto Rico and is fluent in Spanish; she speaks minimal to some English.

9. Plaintiff Idalia Alers is Hispanic, a national of Puerto Rico and is fluent in Spanish; she speaks minimal to no English.

10. Plaintiff Jose Famania is a former employee of Whitney Place in the Housekeeping department with a date of hire of April 26, 2000.

11. Plaintiff Gilberto Famania is a former employee of Whitney Place.

12. Plaintiff Myrna Famania is a current employee at Whitney Place who began her employment on or about September 29, 1997 in the Housekeeping department.

13. Plaintiff Idalia Alers is a current employee at Whitney Place.

14. On or about April 5, 2002, one or more of the Plaintiffs contacted the Equal Employment Opportunity Commission (hereinafter "E.E.O.C.") and the Massachusetts Commission Against Discrimination to file a claim.

15. Plaintiffs alleged that they had been discriminated on the basis of their national origin, specifically that they were Hispanic and Spanish-speaking. Plaintiffs allege that they were not permitted to speak Spanish in their workplace at all times. Plaintiff also alleged disparate treatment in that other ethnic minorities were permitted to speak in their native languages in the workplace.

16. The E.E.O.C. investigated the allegations by issuing formal charges, issuing discovery requests, scheduling a visit and interviewing staff.

17. Whitney Place provided the E.E.O.C. with a copy of its

English Language Rule which states as follows:

"An essential function of the job of all employees working in areas accessible to residents and families is that they must speak English as a courtesy to our residents. The Company considers this rule a necessary service of our business. Employees working with residents or residents guests who speak a language other than English may, with the resident's and/or guest's permission communicate with them in a language other than English. Violations of this rule may lead to disciplinary action, up to and including termination."

18. Said "English Language Rule" is present in the Employee Handbook given to each Whitney Place employee at the commencement of their employment.

19. Said Employee Handbook is only written in the English Language.

20. As a result of their investigation, the E.E.O.C. determined that there was no disparate treatment.

21. However, the E.E.O.C. did determine that Whitney Place did and continues to apply their English Language Requirement at all times against the Plaintiffs and those others similarly situated and that the English Language Requirement was not limited to specific time periods or the areas specified by Whitney Place's English Language Requirement which is a violation of Title VII of the Civil Rights Act of 1964, as amended.

22. The E.E.O.C. issued Notice of Right to Sue Letters to each plaintiff on or about February 14, 2005 (see attached Exhibit A).

23. As a result of the full-time imposition of defendant's English Language Requirement, plaintiffs were subjected to harassment and discrimination by defendant's agents and other employees.

### Jurisdiction

24. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

### COUNT I
### JOSE FAMANIA V. WHITNEY PLACE AT NATICK, INC.
### NATIONAL ORIGIN DISCRIMINATION

25. The Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 24 and hereby incorporate them herein by reference.

26. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. prohibits unlawful discrimination on the basis of national origin.

27. Whitney Place at Natick has an English Language Rule that facially is non-discriminatory.

28. Plaintiffs argue that there is a full-time application of the English Language Rule which is discriminatory.

29. As a result of the full-time application of the English Language Rule, plaintiff, Jose Famania has been harmed.

30. The Equal Employment Opportunity Commission found reasonable cause to believe that violations of Title VII of the Civil Rights Act of 1964, as amended, have occurred at Whitney Place at Natick.

**COUNT II**
**GILBERTO FAMANIA V. WHITNEY PLACE AT NATICK, INC.**
**NATIONAL ORIGIN DISCRIMINATION**

31. The Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 24 and hereby incorporate them herein by reference.

32. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. prohibits unlawful discrimination on the basis of national origin.

33. Whitney Place at Natick has an English Language Rule that facially is non-discriminatory.

34. Plaintiffs argue that there is a full-time application of the English Language Rule which is discriminatory.

35. As a result of the full-time application of the English Language Rule, plaintiff, Gilberto Famania has been harmed.

36. The Equal Employment Opportunity Commission found reasonable cause to believe that violations of Title VII of the Civil Rights Act of 1964, as amended, have occurred at Whitney Place at Natick.

## COUNT III
## MYRNA FAMANIA V. WHITNEY PLACE AT NATICK, INC.
## NATIONAL ORIGIN DISCRIMINATION

37. The Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 22 and hereby incorporate them herein by reference.

38. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. prohibits unlawful discrimination on the basis of national origin.

39. Whitney Place at Natick has an English Language Rule that facially is non-discriminatory.

40. Plaintiffs argue that there is a full-time application of the English Language Rule which is discriminatory.

41. As a result of the full-time application of the English Language Rule, plaintiff, Myrna Famania has been harmed.

42. The Equal Employment Opportunity Commission found reasonable cause to believe that violations of Title VII of the Civil Rights Act of 1964, as amended, have occurred at Whitney Place at Natick.

## COUNT IV
## IDALIA ALERS V. WHITNEY PLACE AT NATICK, INC.
## NATIONAL ORIGIN DISCRIMINATION

43. The Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 22 and hereby incorporate them herein by reference.

44. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. prohibits unlawful discrimination on the basis of national origin.

45. Whitney Place at Natick has an English Language Rule that facially is non-discriminatory.

46. Plaintiffs argue that there is a full-time application of the English Language Rule which is discriminatory.

47. As a result of the full-time application of the English Language Rule, plaintiff, Idalia Alers has been harmed.

48. The Equal Employment Opportunity Commission found reasonable

cause to believe that violations of Title VII of the Civil Rights Act of 1964, as amended, have occurred at Whitney Place at Natick.

**WHEREFORE**, Plaintiffs do hereby demand judgment against Defendant, Whitney Place at Natick, Inc. as follows:

(1) for compensatory damages for injuries as described above as provided by statute;

(2) for an injunction prohibiting defendant from imposing on a full-time basis its English Language Requirement on plaintiffs and those others similarly situated;

(3) for attorney's fees, interest and costs.

(4) and any other relief this court deems necessary to protect plaintiff or those similarly situated from discrimination by defendant.

Respectfully submitted,

_____
Jose Famania - Pro Se

_____
Gilberto Famania - Pro Se

_____
Myrna Famania - Pro Se

_____
Idalia Alers - Pro Se

C/O Joan M. Altamore
39 Glendower Road
Roslindale, Massachusetts 02131
(617) 686-1719

Date: 6/1/05