UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSE FAMANIA, GILBERTO FAMANIA,
MYRNA FAMANIA, and IDALIA ALERS,

    Plaintiffs,

v.

WHITNEY PLACE AT NATICK, INC.,
    Defendant.

CIVIL ACTION No. 05-10996-WGY

**AMENDED MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I.   INTRODUCTION**

Defendant Whitney Place at Natick, Inc. ("Whitney Place") moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiffs Jose Famania, Gilberto Famania, Myrna Famania, and Idalia Alers' Amended Complaint for failure to state a claim upon which relief can be granted. In their Amended Complaint, Plaintiffs <u>admit</u> that Whitney Place's English Language Rule is lawful, but allege that the "full-time application" of Whitney Place's English Language Rule is unlawful.  (Amended Complaint, ¶¶ 27, 28, 29, 33, 34, 35, 39, 40, 41, 45, 46, 47)  The "full time application" of a lawful rule cannot be considered unlawful.  Plaintiffs' Amended Complaint, therefore, must be dismissed, as it fails to state a claim upon which relief can be granted.

#537657v2
058070/124076

**II.    FACTS**[1]

Whitney Place is an assisted living residence and Alzheimer's assisted living residence in Natick, Massachusetts, which also offers on-site child care. (See http://www.salmonfamily.com/whitney/reg/s9701.html, visited 7/19/2005). The Plaintiffs are either former or current employees of Whitney Place. (Amended Complaint, ¶¶ 10-13)

The Amended Complaint reads, at relevant part, as follows:

17.    Whitney Place's . . . English Language Rule states as follows.

> An essential function of this job of all employees working in areas accessible to residents and families is that they must speak English as a courtesy to our residents. The Company considers this rule a necessary service of our business. Employees working with residents or residents guests who speak a language other than English may, with the resident's and/or guest's permission communicate with them in a language other than English. Violations of this rule may lead to disciplinary action, up to and including termination.

Each Plaintiff then alleged the following.[2]

27.    Whitney Place at Natick has an English Language Rule that facially is non-discriminatory.

28.    Plaintiffs argue that there is a full time application of the English Language Rule which is discriminatory.

29.    As a result of the full-time application of the English Language Rule, Jose Famania has been harmed. (Amended Complaint, ¶¶ 27-29)

---

[1] The procedural history of this case is as follows. On or about May 13, 2005, Plaintiffs filed their original claim in this Court. The original complaint was not signed by an attorney, and was allegedly signed by one of the Plaintiffs, Jose Famania, on a *pro se* basis on behalf of all four Plaintiffs. The complaint was drafted by attorney Joan Altamore, who was not a member of the bar of this Court at the time she attempted to file the complaint. Whitney Place moved to dismiss the initial complaint, as it failed to conform to the requirements of the Federal Rules of Civil Procedures and the Local Rules of this Court. On June 1, 2005, Plaintiffs opposed the Motion to Dismiss, and submitted an Amended Complaint. The Amended Complaint was signed by all four Plaintiffs in their *pro se* capacity. The complaint, however, was ghostwritten by attorney Altamore, whose name appears on the face of the Amended Complaint. This Court denied Whitney Place's Motion to Dismiss on June 3, 2005, and allowed Plaintiffs to file the Amended Complaint. On June 28, 2005, attorney Altamore entered her appearance on behalf of Plaintiffs for the first time.

[2] These allegations were repeated for each Plaintiff. (See Amended Complaint, ¶¶ 33, 34, 35, 39, 40, 41, 45, 46, 47)

537657v2

The Amended Complaint is devoid of any specific facts regarding any unlawful discrimination or specific harm suffered by the Plaintiffs. The only allegation, restated by each Plaintiff, is that the "full time application" of the admittedly non-discriminatory English Language Rule is discriminatory and harmed them. (Amended Complaint, ¶¶ 28, 29, 34, 35, 40, 41, 46, 47).

### III. ARGUMENT

#### A. Standard of Review.

When dismissing an action for failure to state a claim, the Court must assume that the factual allegations are true. Berner v. Delahanty, 129 F.3d 20, 23 (1st Cir. 1997).

#### B. Plaintiffs' Amended Complaint Fails To State A Claim. An Alleged "Full-Time Application" Of An Admittedly Lawful English Language Rule Does Not State A Claim.

Taking the allegations in the Amended Complaint as true, Plaintiffs have failed to allege that Whitney Place's English Language Rule violates Title VII of the Civil Rights Act of 1964. As noted above, for each Plaintiff, the Amended Complaint states:

- --Whitney Place at Natick has an English Language Rule that facially is non-discriminatory.

- --Plaintiffs argue that there is a full time application of the English Language Rule which is discriminatory.

- --As a result of the full-time application of the English Language Rule, each Plaintiff has been harmed. (Amended Complaint, ¶¶ 27, 28, 29, 33, 34, 35, 39, 40, 41, 45, 46, 47).

Plaintiffs admit that Whitney Place's English Language Rule is lawful. See e.g. Cosme v. The Salvation Army, 284 F.Supp.2d 229 (D. Mass. 2003) (Young, J.)[3] The only allegation in

---

[3] Other courts have held that English Language rules, such as Whitney Place's rule, are lawful. See also Garcia v. Spun Steak Co., 998 F.2d 1480 (9th Cir. 1993), rehearing denied, 13 F.3d 296 (9th Cir. 1993), cert. denied 512 U.S. 1225 (1994), Garcia v. Gloor, 618 F.2d 264 (5th Cir. 1980), cert. denied 449 U.S. 1113 (1981), Long v. First Union Corp., 86 F.3d 1151 (4th Cir. 1996), Gonzalez v. Salvation Army, 985 F.2d 578 (11th Cir. 1993), cert. denied 508 U.S. 910 (1993), Prado v. L. Luria & Son, Inc., 975 F.Supp. 1349 (S.D. Fla. 1997), Kania v. Archdiocese of

the Amended Complaint is that the "full time application" of the lawful rule is discriminatory. The "full-time application" of a lawful rule, however, cannot be the basis of a violation of Title VII. Plaintiffs, therefore, have failed to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Respectively submitted,

WHITNEY PLACE AT NATICK, INC.

By its attorneys,

/s/ Richard D. Wayne
Richard D. Wayne, BBO #518200
Brian E. Lewis, BBO #643717
Hinckley Allen Snyder, LLP
28 State Street
Boston, MA  02109-1775
617-345-9000

Dated:  July 20, 2005

---

Philadelphia, 14 F.Supp.2d 730, 736 (E.D. Pa. 1998), Tran v. Standard Motor Products, Inc. 10 F.Supp.2d 1199, 1210 (D. Kan 1998), Roman v. Cornell University, 53 F.Supp.2d 223 (N.D. N.Y. 1999).

-4-

537657v2