# UNITED STATES FEDERAL DISTRICT COURT
### EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 10996 WGY

JOSE FAMANIA,
GILBERTO FAMANIA,
MYRNA FAMANIA AND IDALIA ALERS

    Plaintiffs

v.

Whitney Place at Natick, Inc.
Defendant

_____

**PLAINTIFFS' MEMORANDUM OF
OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**
_____

## I. INTRODUCTION

**NOW COMES**, Plaintiffs, Jose Famania, Gilberto Famania, Myrna Famania and Idalia Alers move to oppose Defendant's Motion to Dismiss their Amended Complaint for failure to state a claim upon which relief can be granted.  Defendant, Whitney Place, has filed a Motion to Dismiss alleging that the full-time application of Whitney Place's English Language Rule is not unlawful and therefore, it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**II.   FACTS**

The plaintiffs are either current or former employees of Whitney Place (Amended Complaint at Paragraphs 10-13).  Whitney Place is an assisted living facility including those persons suffering from Alzheimers disease located in Natick, Massachusetts.

**III. ARGUMENT**

**A. Standard of Review**

Factual allegations in a Complaint are accepted as true during a review for failure to state a claim Aulson v. Blanchard, 83 F.3d 1, 3 (**1st** Cir. 1996).  All reasonable inferences are to be made in the plaintiff's favor. Id. [1]

**B.   Plaintiffs' Amended Complaint Does State a Claim Upon Which Relief May be Granted**.

In their Amended Complaint, Plaintiffs allege that

---

[1] Additionally, the Supreme Court has held that pro se plaintiffs are entitled to have [their] complaint[s] liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976).  However, as is pointed out by Defendant in his procedural history, the original Complaint was not signed by an attorney, but rather by one of the Plaintiffs, Jose Famania, on a *pro se* basis on behalf of all plaintiffs.  The Complaint was drafted by this writer, who was not a bar member of this Court at the time and could not become a bar member prior to the expiration of the filing deadline.  Counsel for Defendant was advised of this author's status prior to the filing of the Complaint.  Nevertheless, Defendant moved to dismiss the initial Complaint as they claimed it failed to conform to the requirement of the Federal Rules of Civil Procedures and the Local Rules of this Court.  On June 1, 2005, the Plaintiffs filed their Opposition to the Motion to Dismiss and submitted an Amended Complaint which was signed by all four (4) pro se litigants.  Again, the Amended Complaint was written by this writer as is known since her name appeared on the face of the Amended Complaint. This Court denied Defendant's Motion to Dismiss on June 3, 2005 and permitted the filing of the Amended Complaint.  This author submitted her Appearance on behalf of the Plaintiffs on June 28, 2005 as she had then been sworn in as a bar member of this Court.

Defendant's application of their English Language Rule violates Title VII of the Civil Rights Act of 1964.  The Amended Complaint states:

> 27. Whitney Place at Natick has an English Language Rule that facially is non-discriminatory.
>
> 28. Plaintiffs argue that there is a full time application of the English Language Rule which is discriminatory.
>
> 29. As a result of the full-time application of the English Language Rule, Jose Famania has been harmed (Amended Complaint at Paragraphs 27-29).[2]

Federal Rule of Civil Procedure 8(a)(2) states "a pleading which sets forth a claim for relief..., shall contain a short and plain statement of the claim showing the pleader is entitled to relief."  Plaintiffs here argue the sufficiency of their allegation as presented in their Amended Complaint; the full-time application of defendant's English Language Rule is discriminatory (see Amended Complaint at paragraph 28). As such, plaintiffs have met the requisite showing for their entitlement to relief and it is now up to plaintiff to sustain their allegations.

**C. Title VII of the Civil Rights Act of 1964 Does Prohibit a Full-Time Application of an English Language Rule.**

Equal Employment Opportunity Commission regulations permit English Language Rules so long as they are justified by business necessity. 29 C.F.R. § 1606.7(b).  However, full-time application

---

[2] These allegations are repeated for each Plaintiff (see Amended Complaint at Paragraphs 33-35, 39-41 and 45-47)

of said rules is and has been held to be harassing and discriminatory. Id.  Section 1606.7 of the Code of Federal Regulations states;

> Prohibiting employees at all times, in the workplace, from speaking their primary language or the language they speak most comfortably, disadvantages an individual's employment opportunities on the basis of national origin.  It may also create an atmosphere of inferiority, isolation and intimidation based on national origin which could result in a discriminatory environment.  Therefore, the Commission will presume that such a rule violates Title VII and will closely scrutinize it.

29 C.F.R. §1606.7.  Further, the EEOC Compliance Manual, Section 13-V provides an analysis and framework for the application of English-only rules as well as discussing the connection between language issues and national origin discrimination. EEOC Compliance Manual, Volume II, Section 13 ("National Origin Discrimination").  The section also provides guidance to employers to utilize when adopting an English-only rule. Id.

In the instant case, Plaintiffs accept that Defendant, Whitney Place, has established a business necessity for their adoption of an English Language Rule.  However, as the Amended Complaint alleges, for each plaintiff, Defendant, Whitney Place and its agents, failed to contain the application of the English Language Rule within non-discriminatory parameters.  As such, there has been a discriminatory application of the rule.  This discriminatory application is unlawful.

Defendant argues, incorrectly, that the "full-time

application" of a lawful rule cannot be considered unlawful. Numerous courts disagree. In 2001, the EEOC settled an English-only lawsuit which alleged 18 housekeepers had been subjected to an unlawful English-only rule. (See "EEOC Settled English-Only suit for $2.44 Million Against University of Incarnate Word" at http:wwww.eeoc.gov/press/4-20-01.html, visited 5/11/2005). There was found to be no discrimination in <u>Vega v. United States Post Office</u> however, footnote no. 2 of the Commission's decision reminded the [Post Office] that "discrimination based on a speak-English-only" policy is a legally distinct type of national origin discrimination. <u>Vega v. United States Post Office</u>, EEOC Dec. 01995457 (2000). Discrimination was found in <u>Conze v. Department of Homeland Security</u> when Complainant's supervisor "forbade" her from speaking Creole-French in the workplace. <u>Conze v. Department of Homeland Security</u>, EEOC Dec. 07A20077 (2003). The Department was ordered to provide training to those department managers in line with the EEOC regulations with respect to eliminating discrimination based on national origin. <u>Id</u>. A Consent Decree was entered in the Northern District of Illinois when the EEOC settled a lawsuit, under Title VII, against an employer who was found to discriminate against workers on the basis of their national origin; they were fired for refusing to speak only English on the job. (See "EEOC Reaches Landmark 'English-Only' Settlement; Chicago Manufacturer to Pay Over $190,000 to Hispanic Workers, http:www.eeoc.gov/press/9-1-

00.html, visited 5/11/2005). In addition to federal regulations prohibiting the scope of English-only rules, the Commonwealth of Massachusetts also prohibits English-only policies that are applied at all times. See Advisory on the Civil Rights of Immigrant Workers Prohibitions on National Origin, Race and Color Discrimination, "An English Only Policy Applied <u>At All Times</u> in the Workplace is Unlawful." (<u>See</u> <u>http:www.ago.state.ma.us/sp.cfm?pageid=1950</u>, visited 5/11/2005). Therefore, plaintiffs respectfully argue that the application of a facially correct law can be unlawful and discriminatory and indeed has been upheld by the courts.

**IV. CONCLUSION**

**WHEREFORE**, Plaintiffs respectfully request that this honorable court deny Defendant's Motion to Dismiss for failure to state a claim and allow this matter to proceed.

                                      Respectfully submitted,

                                      /s/ Joan M. Altamore
                                      _____
                                      Joan M. Altamore, Esquire
                                      39 Glendower Road
                                      Roslindale, Massachusetts 02131
                                      (617) 686-1719
                                      B.B.O. # 640468

Date:   August 2, 2005

**CERTIFICATE OF SERVICE**

I, Joan M. Altamore do hereby certify that on this 2nd day of August 2005, I served a copy of the foregoing <u>Plaintiff's</u>

<u>Memorandum in Opposition to Defendant's Motion to Dismiss</u> upon Brian E. Lewis, Esquire, Hinckely Allen Snyder LLP, 28 State Street, Boston, Massachusetts, 02108-1775

                              /s/ Joan M. Altamore
                              _____
                              Joan M. Altamore