# UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 10996 WGY

JOSE FAMANIA,
GILBERTO FAMANIA,
MYRNA FAMANIA AND IDALIA ALERS

    Plaintiffs

v.

Whitney Place at Natick, Inc.
Defendant

**PLAINTIFFS' PROPOSED STATEMENT PURSUANT TO LOCAL RULE 16.1 (D)**
_____

Plaintiffs, Jose Famania, Gilberto Famania, Myrna Famania and Idalia Alers hereby submit their Plaintiff's Proposed Discovery Plan pursuant to Local Rule 16.1 D and Fed. R. Civ. P. 26(f).

**PLAINTIFF'S DISCOVERY PLAN**

**1. Background**

<u>Plaintiffs</u>

Plaintiffs filed their complaint on May 13, 2005. Plaintiffs are either current or former employees of Whitney Place (Amended Complaint at Paragraphs 10-13). Whitney Place is an assisted living facility including those persons suffering from Alzheimer's disease located in Natick, Massachusetts. Plaintiffs filed a complaint with the Equal Employment Opportunity

Commission ("E.E.O.C.") alleging disparate treatment. After investigation, the E.E.O.C. determined that no disparate treatment existed, however, the E.E.O.C. did find that Defendant applies their English Language Requirement at all times against the Plaintiffs and those others similarly situated and that the English Language Requirement was not limited to specific time periods or the areas specified by Whitney Place's English Language Requirement which is a violation of Title VII of the Civil Rights Act of 1964, as amended. The E.E.O.C. issued Notice of Right to Sue Letters to each plaintiff on or about February 14, 2005. In their Amended Complaint, Plaintiffs allege that Defendant's application of their English Language Rule violates Title VII of the Civil Rights Act of 1964.

## DOCUMENT DISCOVERY

The parties will complete basic document discovery sufficient to enable them to commence taking depositions by December 16, 2005. Any necessary motions to compel production of documents will be filed promptly. The parties may serve further request for documents, as needed, through January 1, 2006. The parties may also seek discovery of documents in the possession of third parties by initiating such request prior to December 1, 2005.

## DEPOSITIONS

The parties will complete depositions of the party and/or representative by January 18, 2006 and non-party witnesses by

January 30, 2006.  Each party may notice up to 10 depositions as set forth in Local Rule 26.1( c) without obtaining leave of the court.  Expert witnesses will not be deposed until the depositions of fact witnesses have been completed.

### EXCHANGE OF WITNESS LISTS

The parties will exchange lists of fact witnesses who may be called at trial by January 18, 2006.  Either party may make additions thereafter upon showing of good cause.

The parties will each disclose the names of their experts by January 2, 2006.  Expert witness reports will be exchanged by the parties on or before January 18, 2006.  Either party may dispose the other party's experts.  Expert depositions will be completed by January 30, 2006.

### MOTIONS SCHEDULE

The parties may file dispositive motions at any time but in no event after February 1, 2006.

### PRE-TRIAL CONFERENCE

The parties anticipate that a final pre-trial conference would be scheduled by the Court for a date in February 2006.

### CERTIFICATION

The certification required by Local Rule 18.1(D)(3)is annexed hereto 16.1(D).

                                          Respectfully submitted,

                                          _/s/ Joan M. Altamore_____
                                          Joan M. Altamore, Esquire
                                          39 Glendower Road

>Roslindale, Massachusetts 02131
>(617) 686-1719
>B.B.O.# 640468

### CERTIFICATE OF SERVICE

I, Joan M. Altamore do hereby certify that on this 20th day of Octber  2005, I served a copy of the foregoing **PLAINTIFFS' PROPOSED STATEMENT PURSUANT TO LOCAL RULE 16.1 (D)** upon Richard Wayne, Esquire, Hinckely Allen Snyder LLP, 28 State Street, Boston, Massachusetts, 02108-1775.

>/s/ Joan M. Altamore
>_____
>Joan M. Altamore