UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE FAMANIA, GILBERTO FAMANIA, MYRNA FAMANIA, and IDALIA ALERS,<br><br>    Plaintiffs,<br><br>    v.<br><br>WHITNEY PLACE AT NATICK, INC.,<br>    Defendant. | CIVIL ACTION No. 05-10996-WGY |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.    STATEMENT OF THE CASE.**

On October 21, 2002, the Plaintiffs, Jose, Gilberto and Myrna Famania, siblings, and Idalia Alers, a former roommate of Gilberto, filed a charge of national origin discrimination against Whitney Place at Natick, Inc. (G. Famania Deposition, 5-6, I. Alers Dep., 12, M. Famania Dep. 9)

Plaintiffs were all born in Puerto Rico and they are, as a matter of law, United States citizens.  Gilberto and Myrna are fluent in English.  Jose and Idalia speak limited English.  (G. Famania Dep. 6, 28, J. Famania Dep. 5,9), I. Alers Dep. 6, 8)

Whitney Place is an Alzheimer's Assisted Living Center, with nursing facilities and a child and adult day care center.  The charge of discrimination was directed against the Whitney Place English Language Rule found in its handbook.  That rule reads:

> "ENGLISH LANGUAGE REQUIREMENT
>
> An essential function of the job for all employees working in areas accessible to residents and families is that they must speak English

as a courtesy to our residents.  The Company considers this rule as a necessary service of our business.  Employees working with residents or resident's guests who speak a language other than English may, with the resident's and/or guest's permission, communicate with them in a language other than English.  Violation of this rule may lead to disciplinary action, up to and including termination."

At no time did any of the Plaintiffs suffer an adverse employment action on the basis of said ruling.  (G. Famania Dep., 10, 14, 15, 16, 16, 32, 33, 39, 40, 47, I. Alers Dep., 21, 23, 24, J. Famania Dep., 33, 36, 40, 45, M. Famania Dep., 9, 22, 23.)  They never received any discipline or suffered any adverse employment action on the basis of said rule.  As the testimony clearly establishes when speaking Spanish in areas accessible to residents or their families, they were either simply "reminded" to speak English, told "Shsh", or told "not so loud."

At the time they filed their charge Gilberto Famania and Idalia Alers has been terminated for cause.[1]

Jose Famania is also a former employee of Whitney Place.  Although 49 years old, he claims the only job he has ever work was at Whitney Place.  He had that job for less than two (2) years (J. Famania Dep. 24).  Jose Famania suffered an unwitnessed injury while at Whitney Place.  Following his alleged injury on May 16, 2002, he never returned to work.  (J. Famania Dep., 29) However, he did receive a $7,500 lump sum workers compensation award from Whitney Place's Workers' Compensation Employer.  Jose has never returned to work for any other employer.

Myrna remains in the employ of Whitney Place.  Although initially hired as a housekeeper (M. Famania Dep. 4) she has been promoted to a patient care assistant.

---

[1] Although Gilberto was terminated for cause, denied unemployment compensation, contested his denial, offered testimony at his Massachusetts Department of Employment & Training Appeal Hearing , the appeal with denies, and he received a written decision, Gilberto denies any memory of the basis of his termination or of the DET decision.

-2-

After investigation of the Plaintiff's charge, on February 14, 2005, the EEOC issued Plaintiffs a right to sue letter. The EEOC found no disparate treatment but that the Whitney Place English Language Rule was not justified by business necessity.

On May 14, 2005, the Plaintiffs filed an English Language <u>pro se</u> Complaint signed by their attorney. Although Whitney Place moved to dismiss, this Court denied that Motion. That Complaint, filed on the 90th day following receipt of the Right to Sue letter, does <u>not</u> state a claim for disparate treatment.

After exhaustion of the 90 day filing period, the "<u>pro se</u>" Plaintiffs filed a second complaint executed by each on June 1, 2005. This time the Plaintiffs conceded that the English Language Rule is "facially non-discriminatory" (Complaint June 1, 2005, ¶27, 33, 39, and 45) but that there is a "full-time application" of the English Language Rule (Complaint June 1, 2005, ¶28, 34, 40, 46). In addition, Plaintiffs allege disparate treatment in that other minorities were permitted to speak in their native languages in the workplace" (Complaint June 1, 2005, ¶15).

Whitney Place moved to dismiss the Complaint. The Motion was allowed in part and denied in part. As stated in the Joint Statement pursuant to Local Rule 16.1 (d):

> "On October 5, 2005, this Court dismissed Plaintiffs' claim that the Employer's English Language Rule violates Title VII of the 1964 Civil Rights Act, as amended. The Court found Plaintiffs' (Complaint) had stated facts sufficient to state a disparate impact claim. That is the sole issue before the Court."

This Memorandum is written in support of Whitney Place's Motion for Summary Judgment.

-3-

## II. STATEMENT OF THE CASE.

1. Whitney Place is a 53 bed nursing facility, with an additional 88 assisted living apartments, an adult day care, specializing in providing 24/7 care for Alzheimer's patients. (In addition, there is a child care center (Larouche 13/5-14). Alzheimer's patients are a very sensitive population whose change in routine can and does have significant ramifications (Larouche 42/2-9). Residents of Whitney Place are English speaking. (Larouche 42/15).

2. Whitney Place adopted an English Language Rule applicable to areas where patients and their guests have access (English Language Rule). With few exceptions residents and guests have access to almost the entire Whitney Place facility (Larouche 40).

3. Each of the Plaintiffs were born in Puerto Rico and at all times are citizens of the United States.

4. At all relevant times, none of the Plaintiffs received any verbal or written warnings or discipline for speaking Spanish in a resident access area at Whitney Place.

5. At all relevant times, none of the Plaintiffs received either a verbal or written warning or other discipline for speaking Spanish in a non-resident access area.

6. At all relevant times, none of the Plaintiffs suffered any adverse employment action for speaking Spanish in a resident access area.

7. At all relevant times, none of the Plaintiffs suffered any adverse employment action for speaking Spanish in a non-resident access area.

#569115
057080/124076

8. Plaintiffs fail to identify any preferential treatment to persons of Brazilian descent as compared to each of the Plaintiffs.

## III. ARGUMENT

### A. Plaintiffs Fail To State A Claim.

1. <u>It is a jurisdictional prerequisite that a complaint alleging a violation of Title VII be filed within 90 days of receipt of a right to sue letter. There was no proper Complaint filed in this court within 90 days of receipt of the right to sue letter.</u>

For the reasons set forth in the Defendant's Motion to Dismiss dated May 25, 3005, the Complaint was improperly filed and should be dismissed.

2. <u>The inclusion of the disparate treatment claim in the June 1, 2005 Complaint is untimely and should be dismissed.</u>

The May 13, 2005 Complaint was not properly filed. Likewise, the June 1, 2005 Complaint, signed by Plaintiffs was not properly filed and the assertion of the disparate treatment allegation, more than 90 days following issuance of the right to sue letter is improper, untimely and the Court lacks jurisdiction to address the merits of the claim.

3. <u>The Plaintiffs' claim is statutory. Language is not a protected class</u>.

The Plaintiffs' claim they should be free to speak their primary language at any time.

Title VII provides in pertinent part:

"42 USC §2000e-2.  Unlawful employment practices

(a)    Employer practices

It shall be an unlawful employment practice for an employer –

> (1)    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or
> (2)    to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to

-5-

> deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

Language is not a protected classification under this or any other section of the 1964 Civil Right Act, as amended. Therefore, the complaint should be dismissed.

4.  <u>Plaintiffs seek relief under Title VII alleging because they are Puerto Rican, speak Spanish as a primary language, and are not permitted to speak Spanish at any time in any place; they are entitled to relief. Puerto Rico is not a nationality for purposes of Title VII.</u>

"42 USC §2000e – "Definitions" provides:

"For purposes of the subchapter –

(1) The term "State" includes a State of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Somoa, Guam, Wake Island, the Canal Zone, and Outer Continental Shelf Lands Act [43 U.S.C.A. § 1331 et seq.]"

Each of the Plaintiffs state they were born in Puerto Rico, to Puerto Rican parents and at all times, from birth, are citizens of the United States. Puerto Rico being defined for the purposes of this statue as a "State", birth in Puerto Rico cannot be the basis of a national origin claim. See <u>Ramos v. Baxter Healthcare Corporation of Puerto Rico</u>, 360 F3d 53 at 56. <u>Feliciano DeLa Cruz v. El Conquistador Resort</u>, 218 F3d 1 at 4.

**B.  PLAINTIFF SPEAK SUFFICIENT ENGLISH TO PERFORM THEIR JOBS.**

As a central rule, and assuming *arguendo*, Title VII protects persons who speak English as a second language, bilingual employees suffer no adverse impact from an English only rule. <u>Garcia v. Spun Steak, Co</u>., 998 F 2d 1480, 1488 (Cir. 1993) (Bilingual employee not subject to discrimination by being denied right to speak English). <u>Garcia v. Glour</u>, 618 F.2d 264, 272 (5th Cir. 1980)(same); <u>Kania v. Archdiocese of Philadelphia</u>, 14 F. Supp. 2d 730, 735-36 (E.D. PA

-6-

1992)(same). Each Plaintiff is either bilingual or speaks or spoke sufficient Spanish to do their job. Therefore, they are entitled to no Title VII Protection.

    **C.    PLAINTIFFS IDENTIFIED NO ACTS OF DISCRIMINATION WITHIN THE STATUTORY PERIOD.**

Plaintiffs identified no acts of discrimination within the statutory period.

    **D.    PLAINTIFFS HAVE FAILED TO ESTABLISH THEIR BURDEN OR PROOF THAT THEY ARE VICTIMS OF DISCRIMINATION**

To establish a prima facie case of national origin discrimination under Title VII, the Plaintiffs must meet the following four elements: (1) Plaintiff is a member of a protected class; (2) Plaintiff was qualified for the relevant position; (3) there was an adverse employment action; and (4) evidence in the records supports an inference of improper motivation.

Plaintiffs have not established evidence that Whitney Place treated persons of other nationalities more favorably than themselves. In their Complaint, Plaintiffs allege no specific facts supporting any claim that persons of other nationalities were treated by managers or supervisors in a preferential manner. The Plaintiffs bear the burden of proof on this issue have failed to state a claim.

First, and as stated above, Plaintiffs, Puerto Ricans, are not within a protected nationality for purposes of Title VII.

Second, whether Plaintiffs are qualified is suspect. Both Gilberto Famania and Idalia Alers were terminated for cause prior to any charge being filed and there is no timely charge before the Court. Dollis v. Rubin, 77 F 3d 777, 781 (5th Cir. 1995); Anderson v. Louis Rail Service Co., 868 F 2d 774, 775 (5th Cir. 1989). Jose claims to be incapacitated. Only Myrna Famania appears to satisfy this prong of the test.

Third, there was no adverse employment action taken against any individual on the basis of the application of the English Language Rule. Each concedes they suffered no verbal or written warning, discipline, discharge or any other adverse term or condition of employment. Davis v. Town of Lake Park, 245 F 3d 1232, 1237-46 (11th Cir. 2001) (two admonitions in personnel folder found insufficient to establish adverse employment action for purposes of Title VII); Chaunce v. University of California Davis, 225 F3d 1115, 1124-26 (9th Cir. 2000) (Failure to report disciplinary action taken as a result of alleged misappropriation is not adverse employment action because it did not individually affect compensation term, conditions or privileges of employment); Brooks v. City of San Mateo, 229 F 3d, 917, 928-930(9th Cir., 2000) (only substantive employment actions deemed adverse), Schoffstall v. Henderson, 223 F.3d. 818, 825-826 (8th Cir. 2000) (overtime requirements not adverse action), Grube v. Lau Industries, Inc., 257 F.3d 723 (7th Cir. 2000) (shift transfer not adverse action), Oest v. Ill. Dept. of Corrections, 240 F.3d 605, 612-613 (7th Cir. 2000) (negative employment evaluation, reprimands not adverse action). In sum, work places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate the act or omission to the level of an adverse employment action. Blackie v. State of Me., 75 F.3d 716, 726 (1st Cir. 1996).

Fourth, there is no evidence of any adverse work environment based upon the Plaintiff's being born Puerto Rican. There is simply no evidence that Whitney Place created or enforced its policy because Plaintiffs are Puerto Rican. Rather, the evidence establishes that Whitney Place cares for an exceedingly fragile population, and, as the Court has found, its English Language Rule is lawful.

**D. PLAINTIFFS CANNOT ESTABLISH ANY CLAIM FOR DAMAGES**

      None of the Plaintiffs in either their answers to Interrogatories or their deposition responses set forth any tangible or countable claim of monetary damages.

                                                                               Respectively submitted,

                                                                               WHITNEY PLACE AT NATICK, INC.

                                                                               By its attorneys,

|  |  |
|---|---|
|  | /s/ Richard D. Wayne_____ |
|  | Richard D. Wayne, BBO #518200 |
|  | Brian E. Lewis, BBO #643717 |
|  | Hinckley Allen Snyder, LLP |
|  | 28 State Street |
|  | Boston, MA 02109-1775 |
| Dated: January 31, 2006 | (617) 345-9000 |

#569115
057080/124076

## CERTIFICATE OF SERVICE

    I, Richard D. Wayne, certify that the foregoing *DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT* will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered on February 1, 2006.

                                              /s/ Richard D. Wayne

#569115
057080/124076