UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE FAMANIA, GILBERTO FAMANIA, MYRNA FAMANIA, and IDALIA ALERS,<br><br>    Plaintiffs,<br><br>v.<br><br>WHITNEY PLACE AT NATICK, INC.,<br>    Defendant. | CIVIL ACTION No. 05-10996-WGY |

**DEFENDANT'S LOCAL RULE 56.1 STATEMENT**

.

    Defendant Whitney Place at Natick, Inc. submits this Local Rule 56.1 concise statement of material facts of record as to which Defendant contends there is no genuine issue to be tried.

    1.    On October 21, 2002, the Plaintiffs, Jose, Gilberto and Myrna Famania, siblings, and Idalia Alers, a former roommate of Gilberto, filed a charge of national origin discrimination against Whitney Place at Natick, Inc. (G. Famania Deposition, 5-6, I. Alers Dep., 12, M. Famania Dep. 9)

    2.    Plaintiffs were all born in Puerto Rico and they are, as a matter of law, United States citizens. Gilberto and Myrna are fluent in English. Jose and Idalia speak limited English. (G. Famania Dep. 6, 28, J. Famania Dep. 5,9), I. Alers Dep. 6, 8)

    3.    Whitney Place is an Alzheimer's Assisted Living Center, with nursing facilities and a child and adult day care center. The charge of discrimination was directed against the Whitney Place English Language Rule found in its handbook. That rule reads:

"ENGLISH LANGUAGE REQUIREMENT

An essential function of the job for all employees working in areas accessible to residents and families is that they must speak English as a courtesy to our residents. The Company considers this rule as a necessary service of our business. Employees working with residents or resident's guests who speak a language other than English may, with the resident's and/or guest's permission, communicate with them in a language other than English. Violation of this rule may lead to disciplinary action, up to and including termination."

4. At no time did any of the Plaintiffs suffer an adverse employment action on the basis of said ruling. (G. Famania Dep., 10, 14, 15, 16, 16, 32, 33, 39, 40, 47, I. Alers Dep., 21, 23, 24, J. Famania Dep., 33, 36, 40, 45, M. Famania Dep., 9, 22, 23.) They never received any discipline or suffered any adverse employment action on the basis of said rule. As the testimony clearly establishes when speaking Spanish in areas accessible to residents or their families, they were either simply "reminded" to speak English, told "Shsh", or told "not so loud."

5. At the time they filed their charge Gilberto Famania and Idalia Alers has been terminated for cause.[1]

6. Jose Famania is also a former employee of Whitney Place. Although 49 years old, he claims the only job he has ever work was at Whitney Place. He had that job for less than two (2) years (J. Famania Dep. 24). Jose Famania suffered an unwitnessed injury while at Whitney Place. Following his alleged injury on May 16, 2002, he never returned to work. (J. Famania Dep., 29) However, he did receive a $7,500 lump sum workers compensation award from Whitney Place's Workers' Compensation Employer. Jose has never returned to work for any other employer.

---

[1] Although Gilberto was terminated for cause, denied unemployment compensation, contested his denial, offered testimony at his Massachusetts Department of Employment & Training Appeal Hearing, the appeal with denies, and he received a written decision, Gilberto denies any memory of the basis of his termination or of the DET decision.

-2-

7.      Myrna remains in the employ of Whitney Place.  Although initially hired as a housekeeper (M. Famania Dep. 4) she has been promoted to a patient care assistant.

8.      Whitney Place is a 53 bed nursing facility, with an additional 88 assisted living apartments, an adult day care, specializing in providing 24/7 care for Alzheimer's patients.  (In addition, there is a child care center (Larouche 13/5-14).  Alzheimer's patients are a very sensitive population whose change in routine can and does have significant ramifications (Larouche 42/2-9).  Residents of Whitney Place are English speaking. (Larouche 42/15).

9.      Whitney Place adopted an English Language Rule applicable to areas where patients and their guests have access (English Language Rule).  With few exceptions residents and guests have access to almost the entire Whitney Place facility (Larouche 40).

10.     Each of the Plaintiffs were born in Puerto Rico and at all times are citizens of the United States.

11.     At all relevant times, none of the Plaintiffs received any verbal or written warnings or discipline for speaking Spanish in a resident access area at Whitney Place.

12.     At all relevant times, none of the Plaintiffs received either a verbal or written warning or other discipline for speaking Spanish in a non-resident access area.

13.     At all relevant times, none of the Plaintiffs suffered any adverse employment action for speaking Spanish in a resident access area.

14.     At all relevant times, none of the Plaintiffs suffered any adverse employment action for speaking Spanish in a non-resident access area.

15.     Plaintiffs fail to identify any preferential treatment to persons of Brazilian descent as compared to each of the Plaintiffs.

#569208
057080/124076

<table>
<tr><td></td><td>Respectively submitted,</td></tr>
<tr><td></td><td>WHITNEY PLACE AT NATICK, INC.</td></tr>
<tr><td></td><td>By its attorneys,</td></tr>
<tr><td></td><td>/s/ Richard D. Wayne<br>Richard D. Wayne, BBO #518200<br>Brian E. Lewis, BBO #643717<br>Hinckley Allen Snyder, LLP<br>28 State Street<br>Boston, MA  02109-1775</td></tr>
<tr><td>Dated:  January 31, 2006</td><td>(617) 345-9000</td></tr>
</table>

## CERTIFICATE OF SERVICE

      I, Richard D. Wayne, certify that the foregoing *DEFENDANT'S LOCAL RULE 56.1 STATEMENT* will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered on February 1, 2006.

                                          /s/ Richard D. Wayne

#569208
057080/124076