UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 10996 WGY

JOSE FAMANIA,
GILBERTO FAMANIA,
MYRNA FAMANIA AND IDALIA ALERS

    Plaintiffs

v.

Whitney Place at Natick, Inc.
Defendant

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THEIR OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

---

**I. STATEMENT OF THE CASE**

On October 12, 2002, Plaintiffs, Jose Famania, Gilberto Famania, Myrna Famania and Idalia Alers (hereinafter "Plaintiffs") filed a charge of national origin discrimination with the Equal Employment Opportunity Commission (hereinafter "E.E.O.C.") against Defendant, Whitney Place at Natick, Inc. (hereinafter "Whitney Place" or "Defendant").

Each Plaintiff is a national of Puerto Rico and they are, as a matter of law, United States citizens. (G. Famania Dep. 5; J. Famania Dep. 6; M. Famania Dep. 9; I. Alers Dep. 12). At this time, Gilberto Famania is fluent in English and Spanish, Myrna Famania is fluent in Spanish and fairly fluent in English while Jose Famania and Idalia Alers speak Spanish with some limited English. (G. Famania Dep. 6-7). Whitney Place is an Alzheimer's Assisted Living Center with

nursing facilities and a day care center. Whitney Place has an English Language Requirement, which reads:

### ENGLISH LANGUAGE REQUIREMENT

> An essential function of the job for all employees working in areas accessible to residents and families is that they must speak English as a courtesy to our residents. The Company considers this rule as necessary service of our business. Employees working with residents or resident's guest who speak a language other than English may, with the resident's and/or guest's permission, communicate with them in a language other than English. Violation of this rule may lead to disciplinary action, up to and including termination.

According to testimony, the areas accessible to residents and/or resident's guests is "an area of our facility that a resident may be present or may arrive at any time." (M. Larouche Dep. 26.) According to testimony, "technically" the entire building is available to the residents. (M. Larouche Dep. 30). Therefore the rule is enforced at all times.

Throughout the course of their employment, Plaintiffs, as a result of the full-time application of the requirement, were regularly discriminated against by not being permitted to speak Spanish while working in areas not accessible to residents or resident's guests. Each plaintiff has provided testimony that they were repeatedly "reminded" or "warned" not to speak Spanish while at Whitney Place at Natick. (G. Famania Dep.14-17, 20, 22, 25; J. Famania January 23, 2006 Dep.21, 22-24, 26-28; M. Famania Dep. 7-9, 10-11, 20-21, 22-23, 26-27; I. Alers Dep. 17, 18-21, 22-23). No written warning was ever issued to any Plaintiff.

Testimony from the Director of Environmental Services, Michael Larouche, established that he believed the rule to be for the courtesy of the residents, that the Rule was not posted anywhere in the Whitney Place facility and that he considered the entire Whitney Place at Natick facility to be "accessible" to residents and/or resident's guests. (M. Larouche Dep. 24-25). Mr.

Larouche further stated that "essentially, the whole building is a potential residential area." (M. Larouche Dep. 27).   Mr. Larouche also testified that he "reminded" employees from time to time about the rule, but he did not know the difference between a "reminder" and a "warning." (M. Larouche Dep. 26).

Mr. Laroche could not recall a conversation with Jose Famania about his being told by Kate Salmon to stop speaking Spanish. (M. Larouche Dep. 31-32)  But, Mr. Larouche did state that he would "advise any employee if the owner of the company's daughter is telling you to do something, you should probably do it." (M. Larouche Dep. 32).  In regard to his interaction with Gilberto Famania, Mr. Larouche testified that "[he] is sure I may have suggested to him that he needs to speak English in a residential area." and that he recalls Gilberto Famania as being a "violator" of that rule. (M. Larouche Dep. 29).  However, Mr. Larouche also used Gilberto Famania as a Spanish/English translator for other employees. (M. Larouche Dep. 30).  With regard to Myrna Famania, Mr. Larouche testified that he may have had cause to tell her not to speak Spanish because he believed her to "work exclusively in a residential area" such that "anywhere she may work if she was speaking Spanish and I saw her speaking Spanish I probably could have." (M. Larouche Dep. 33).  During his deposition, Mr. Larouche recalled that he "may have" spoken to Idalia Alers about not speaking Spanish, but did not remember the exact incident. (M. Larouche Dep. 34-35).  Additionally, Mr. Larouche acknowledged that other managers or those in a supervisory capacity may have reported violations of the English Language rule to him, but that he did not keep a record and in fact, only documented violations that he personally found "serious.". (M. Larouche Dep. 37-38).

Gilberto Famania is a former employee of Whitney Place at Natick; he was terminated for

cause in 2002. (G. Famania Dep. 53-55)  Jose Famania is a former employee of Whitney Place at Natick; he was involved in a worker's compensation claim which paid out a lump sum of $7500. (J. Famania Dep. 27)  Myrna Famania remains employed at Whitney Place at Natick as a Personal Care Assistant.  Myrna Famania started her employment in the Housekeeping department, but sought and gained another better paying position within the facility. (M. Famania Dep. 4-5). Idalia Alers is a former employee of Whitney Place at Natick; she was terminated for cause when she was unable to increase her work hours.

On February 14, 2005, after completing their investigation and failing in their negotiations with Whitney Place at Natick, the E.E.O.C. issued each plaintiff a right to sue letter.  Eighty-nine days later, on May 14, 2005 Plaintiff's filed a pro se Complaint alleging national origin discrimination under Title VII of the Civil Rights Act of 1964, as amended, due to Defendant's full-time application of the English Language Requirement.  Any such claim otherwise by Defendant is merely a further attempt to obfuscate the true nature of the pleadings, obstruct the judicial process and prejudice the Plaintiffs' ability to proceed with their case.

This Memorandum is written in opposition to Defendant's Motion for Summary Judgment.

## II.     STATEMENT OF THE CASE

1.  Whitney Place at Natick is a nursing and assisted living facility specializing in providing complete care for Alzheimer's patients.

2.  In their Employee Handbook, Whitney Place at Natick has an English Language Requirement whereby employees are required to speak English while working in areas

     accessible to residents and families as a courtesy (English Language Requirement).

3. Whitney Place claims that all areas of the facility are accessible to residents and their families.

4. The Plaintiffs were each born in Puerto Rico and are, by law, citizens of the United States.

5. Each Plaintiff's first language is Spanish.

6. On numerous occasions, Plaintiffs were verbally "reminded" not to speak Spanish in the Whitney Place at Natick facility.

7. Plaintiffs were verbally "reminded" not to speak Spanish when no resident or family member was present in the area.

8. No Plaintiff received a written "reminder" or warning for speaking Spanish in the Whitney Place at Natick facility.

9. Plaintiffs were subject to discrimination as a result of the full-time application of the English Language Requirement.

### III. ARGUMENT

### A. PLAINTIFFS HAVE STATED A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

**1. A proper Complaint was filed in this court within 90 days of receipt of the right to sue letter.**

On June 5, 2005 this Court denied Defendant's Motion to Dismiss relating to the issue of proper filing of the Complaint. As such, this matter is now moot and should not be considered a basis upon which this Court should issue a Summary Judgment finding.

Nonetheless, the Equal Employment and Opportunity Commission did issue each of the Plaintiffs a right to sue letter dated February 14, 2005. On May 23, 2005 a Complaint was filed with this Court alleging four counts of national origin discrimination against Defendant Whitney Place. At the that time, Plaintiffs' counsel was not a member of the bar of the Federal District Court so that the Complaint was filed on a pro se basis. The May 23rd Complaint was signed under the sole name of Jose Famania. On June 1, 2005, an Amended Complaint, with the signature of each Plaintiff, was filed with this Court along with a Motion to Amend which stated that pursuant to Rule 15(a) of the Federal Rules of Civil Procedure a party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served. The Motion was granted.

As such, this claim by Defendant Whitney Place at Natick, Inc. should be denied.

**2.     The Complaint filed by Plaintiffs on May 13, 2005 and the Amended Complaint filed by Plaintiffs on June 1, 2005 are exactly the same.**

Plaintiffs argue that the May 13, 2005 Complaint was properly filed in that this Court denied Defendant's Motion to Dismiss dated May 25, 2005. In addition, Plaintiffs state that the May 13, 2005 Complaint and the June 1, 2005 Amended Complaint are identical except that each of the Plaintiff's have signed the Amended Complaint.

As such, this claim by Defendant Whitney Place at Natick, Inc. should be denied.

**3.     Language is a protected class.**

Plaintiffs argue that language is a specific characteristic of national origin and is thus a protected classification under the 1964 Civil Rights Act, as amended. Support for Plaintiffs is found in section 1606.7 of the Code of Federal Regulations which states;

> Prohibiting employees at all times, in the workplace, from speaking their primary language or the language they speak most comfortably, disadvantages an individual's employment opportunities on the basis of national origin. It may also create an atmosphere of inferiority, isolation and intimidation based on national origin which could result in a discriminatory environment. Therefore, the Commission will presume that such a rule violates Title VII and will closely scrutinize it.

29 C.F.R. §1606.7.

As such, Defendant's request to dismiss the Complaint on this basis should be denied.

**4.    Title VII does not define or limit what nationalities may be subject to claims of discrimination.**

Defendant argues that because each Plaintiff was born in Puerto Rico there is no basis for a national origin discrimination claim. Defendant directs the court to see <u>Ramos v. Baxter Healthcare Corporation of Puerto Rico</u>, 360 F.3d 53 at 56 seemingly to argue that it supports their premise. In fact, it supports the exact opposite premise in that the First Circuit noted that defendants, Baxter Healthcare Corporation of Puerto Rico "assumed without argument that intentional discrimination in pension plan terms against Puerto Ricans would violate Title VII." The Court found for the defendants in <u>Ramos</u> because they found no disparaging statements pointing to discrimination, not that Puerto Ricans had no basis to bring such a claim. <u>Id</u>.

As such, this claim by Defendant Whitney Place at Natick, Inc. should be denied.

**B.    WHETHER PLAINTIFFS SPEAK SUFFICIENT ENGLISH TO PERFORM THEIR JOBS IS NOT RELEVANT TO THE CLAIMS**.

Title VII protects persons from all forms of discrimination including language discrimination and the question before this court is whether there was a full-time application of the English Language Requirement at Whitney Place at Natick in violation of Title VII of the

1964 Civil Rights Act, as amended. What is not before this court is whether the Plaintiffs could or could not perform their job. There is no dispute that each of the plaintiffs have some knowledge of the English language, two more so than the others. They may choose to communicate in either language so long as it does not violate Defendant's English Language Requirement when it is applied in a non-discriminatory manner. Equal Employment Opportunity Commission regulations specifically permit English Language rules so long as they are justified by business necessities. 29 C.F.R. sec. 1606.7(b). However, full-time application of said rules is and has been held to be harassing and discriminatory. Id. Again, section 1606.7 of the Code of Federal Regulations states;

> Prohibiting employees at all times, in the workplace, from speaking their primary language or the language they speak most comfortably, disadvantages an individual's employment opportunities on the basis of national origin. It may also create an atmosphere of inferiority, isolation and intimidation based on national origin which could result in a discriminatory environment. Therefore, the Commission will presume that such a rule violates Title VII and will closely scrutinize it.

29 C.F.R. §1606.7. Further, the E.E.O.C. Compliance Manual, Section 13-V provides an analysis and framework for the application of English-only rules as well as discussing the connection between language issues and national origin discrimination. E.E.O.C. Compliance Manual, Volume II, Section 13 ("National Origin Discrimination"). There should be no question that Plaintiffs are entitled to Title VII protection.

As such, this claim by Defendant Whitney Place at Natick, Inc. should be denied.

**C.    PLAINTIFFS IDENTIFIED MULTIPLE ACTS OF DISCRIMINATION WITHIN THE STATUTORY PERIOD.**

Through answers to interrogatories and deposition testimony each plaintiff has identified

those occasions in which they were "reminded" or "told" not to speak Spanish during the course of their employment at Defendant Whitney Place at Natick. During the course of their depositions, each plaintiff related the occasions on which either Michael Larouche, Louise Pecora or Kate Salmon "reminded" or told them not to speak Spanish or to stop speaking Spanish. (G. Famania Dep.14-17, 20, 22, 25; J. Famania January 23, 2006 Dep.21, 22-24, 26-28; M. Famania Dep. 7-9, 10-11, 20-21, 22-23, 26-27; I. Alers Dep. 17, 18-21, 22-23). The Plaintiffs testified that on each of those occasions that they were either not in the presence of a resident, a resident was not within hearing distance or that the area was not accessible to the residents of Whitney Place.

As such, this claim by Defendant Whitney Place at Natick should be denied.

D.     **PLAINTIFFS HAVE ESTABLISHED THAT THEY HAVE BEEN SUBJECT TO A DISCRIMINATORY APPLICATION OF THE WHITNEY PLACE AT NATICK, INC. ENGLISH LANGUAGE REQUIREMENT.**

Plaintiffs argue that their Complaint alleges a claim of national origin discrimination as a result of the full-time application of Defendant's English Language Requirement. To sue under Title VII, individuals must have filed a charge with the Equal Employment Opportunity Commission within a specified time after the alleged unlawful practices occurred. See Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), § 2000e-5(e)(1) and then prove their claim. Defendant's argument provides elements but fails to cite a particular authority which is relevant because employment discrimination cases arise in a variety of contexts, so that the prima facie elements must be tailored to the given case. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002). Nonetheless, Plaintiffs use the <u>McDonnell Douglas</u> framework to show "(1)

[they are] member[s] of a protected class; (2) [they] was qualified for his position; (3) [they] experienced an adverse employment action; and (4) circumstances surrounding the adverse employment action give rise to an inference of discrimination." Peterson v. Hewlett Packard Co., 358 F.3d 599, 604 (9th Cir. 2004); see also Raad, 323 F.3d at 1195-96 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

   First, Plaintiffs are culturally Spanish speaking individuals working in an environment with an English Language Requirement.  Second, each Plaintiff was employed by Defendant and maintained their employment for a periods in excess of at least one year.  There might be reasons why a particular Plaintiff is no longer employed with Defendant, but those reasons do not bar recovery.  Third, each Plaintiff sustained adverse employment action in that they were subjected to the full-time application of an English Language Requirement which is permissible only in narrowly defined "business necessity" situations.  Fourth and finally, the full-time requirement of Defendant's English Language Requirement explicitly violates Title VII of the Civil Rights Act of 1964, as amended.

   Plaintiff's argument has been upheld in other jurisdictions.  The U.S. District Court for the Western District of Texas approved the settlement of an English-only lawsuit brought by the E.E.O.C. which alleged 18 housekeepers had been subjected to an unlawful English-only rule. (See "EEOC Settled English-Only suit for $2.44 Million Against University of Incarnate Word" at http:wwww.eeoc.gov/press/4-20-01.html, visited 5/11/2005).  After hearing, the E.E.O.C.  found no discrimination in Vega v. United States Post Office however, footnote no. 2 of the Commission's decision reminded the [Post Office] that "discrimination based on a speak-English-only" policy is a legally distinct type of national origin discrimination. Vega v. United States Post

Office, EEOC Dec. 01995457 (2000).  Discrimination was found in Conze v. Department of Homeland Security when Complainant's supervisor "forbade" her from speaking Creole-French in the workplace. Conze v. Department of Homeland Security, EEOC Dec. 07A20077 (2003).  A Consent Decree was entered in the Northern District of Illinois when the E.E.O.C. settled a lawsuit, again under Title VII of the Civil Rights Act of 1964, as amended, against an employer who was found to discriminate against workers on the basis of their national origin; they were fired for refusing to speak only English on the job.See "EEOC Reaches Landmark 'English-Only' Settlement; Chicago Manufacturer to Pay Over $190,000 to Hispanic Workers, http:www.eeoc.gov/press/9-1-00.html, visited 5/11/2005).  Therefore, plaintiffs respectfully argue that the application of a facially correct law can be unlawful and discriminatory thus fulfilling the final prong.

As such, this claim by Defendant Whitney Place at Natick should be denied.

**E.    PLAINTIFFS HAVE ESTABLISHED AND WILL PROVE AT TRIAL THAT THEY HAVE A CLAIM FOR DAMAGES AGAINST DEFENDANT WHITNEY PLACE AT NATICK, INC.**

The allegations made by Plaintiff seek relief under the statutory provision of Title VII of the Civil Rights Act of 1984, as amended.  Under this provision, each plaintiff is subject to a damage limit in the amount of Fifty Thousand ($50,000) Dollars.  Through their answers to interrogatories and deposition testimony each Plaintiff documented incidents of discrimination they experienced as a result of the full-time application of Defendant's English Language Requirement.  As such, Plaintiffs argue that they are entitled to damages.

Defendant seeks to expand the scope of this Complaint by alleging that Plaintiffs seek more than for which they are statutorily eligible. In their Complaint, the Plaintiffs made no claim of emotional distress or anything that might expose Defendant in excess of the statutory limit. Any such claim by Defendant is, once again, an attempt to obfuscate the parameters of this case. As such, this claim by Defendant Whitney Place at Natick should be denied.

    Respectively submitted,
Plaintiffs JOSE FAMANIA
GILBERTO FAMANIA,
MYRNA FAMANIA,
IDALIA ALERS
Through their attorney

/s/ Joan M. Altamore,

_____

Joan M. Altamore, Esquire
BBO# 640468
39 Glendower Road
Roslindale, Massachusetts  02131
(617) 686-1719

Date: 2/14/2006

## CERTIFICATE OF SERVICE

I, Joan M. Altamore, certify that the above **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered on February 14, 2006.

/s/     Joan M. Altamore
_____