UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 10996 WGY

JOSE FAMANIA,
GILBERTO FAMANIA,
MYRNA FAMANIA AND IDALIA ALERS

    Plaintiffs

v.

Whitney Place at Natick, Inc.
Defendant

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT**

    Plaintiffs, Jose Famania, Gilberto Famania, Myrna Famania, and Idalia Alers (hereinafter "Plaintiffs") submit this Local Rule 56.1 concise statement of material facts of record as to which Plaintiffs contend there is a genuine issue to be tried.

1. On October 12, 2002, Plaintiffs, Jose Famania, Gilberto Famania, Myrna Famania and Idalia Alers (hereinafter "Plaintiffs") filed a charge of national origin discrimination with the Equal Employment Opportunity Commission (hereinafter "E.E.O.C.") against Defendant, Whitney Place at Natick, Inc. (G. Famania Dep. 6).

2. Each Plaintiff is a national of Puerto Rico and they are, as a matter of law, United States citizens. (G. Famania Dep. 5; J. Famania Dep. 6; M. Famania Dep. 9; I. Alers Dep. 12).

3. Gilberto Famania is fluent in English and Spanish,  Myrna Famania is fluent in Spanish and fairly fluent in English while Jose Famania and Idalia Alers speak Spanish with some

limited English. (G. Famania Dep. 6-7).

4. Gilberto Famania is a former employee of Whitney Place at Natick; he was terminated for cause in 2002. (G. Famania Dep. 53-55).

5. Jose Famania is a former employee of Whitney Place at Natick; he was involved in a worker's compensation claim which paid out a lump sum of $7500. Jose Famania receives Social Security benefits due to a childhood meningitis which rendered him physically handicapped. (J. Famania Dep. 27).

6. Myrna Famania remains employed at Whitney Place at Natick as a Personal Care Assistant. Myrna Famania began her employment with Whitney Place at Natick in the Housekeeping department. Myrna Famania was not promoted, but rather sought and obtained the better paying position within the facility. (M. Famania Dep. 4-5).

7. Idalia Alers is a former employee of Whitney Place at Natick; she was terminated for cause when she was unable to increase her work hours due to the birth of her first child.

8. Whitney Place is an Alzheimer's Assisted Living Center with nursing facilities and a day care center.

9. Whitney Place has an English Language Requirement, which reads:

### ENGLISH LANGUAGE REQUIREMENT

An essential function of the job for all employees working in areas accessible to residents and families is that they must speak English as a courtesy to our residents. The Company considers this rule as necessary service of our business. Employees working with residents or resident's guest who speak a language other than English may, with the resident's and/or guest's permission, communicate with them in a language other than English. Violation of this rule may lead to disciplinary action, up to and including termination.

10. According to testimony, the areas accessible to residents and/or resident's guests is "an area of our facility that a resident may be present or may arrive at any time." (M. Larouche Dep. 26.) According to testimony, "technically" the entire building is available to the residents. (M. Larouche Dep. 30). Therefore the rule is enforced at all times.

11. At all relevant times, Plaintiffs, as a result of the full-time application of the requirement, were regularly discriminated against by not being permitted to speak Spanish while working in areas not accessible to residents or resident's guests.

12. Each plaintiff has provided testimony that they were repeatedly "reminded" or "warned" not to speak Spanish while at Whitney Place at Natick. (G. Famania Dep.14-17, 20, 22, 25; J. Famania January 23, 2006 Dep.21, 22-24, 26-28; M. Famania Dep. 7-9, 10-11, 20-21, 22-23, 26-27; I. Alers Dep. 17, 18-21, 22-23).

13. No written warning was ever issued to any Plaintiff.

14. Testimony from the Director of Environmental Services, Michael Larouche, established that he believed the rule to be for the courtesy of the residents, that the Rule was not posted anywhere in the Whitney Place facility and that he considered the entire Whitney Place at Natick facility to be "accessible" to residents and/or resident's guests. (M. Larouche Dep. 24,25). Mr. Larouche further stated that "essentially, the whole building is a potential residential area." (M. Larouche Dep. 27).

15. Mr. Larouche also testified that he "reminded" employees from time to time about the rule, but could not identify the difference between a "reminder" and a "warning." (M. Larouche Dep. 26).

16. Mr. Larouche could not recall a conversation with Jose Famania about his being told by

Kate Salmon to stop speaking Spanish. However, Mr. Larouche stated that he would "advise any employee if the owner of the company's daughter is telling you to do something, you should probably do it." (M. Larouche Dep. 9:32).

17. In regard to his interaction with Gilberto Famania, Mr. Larouche testified that "[he] is sure I may have suggested to him that he needs to speak English in a residential area." and that he recalls Gilberto Famania as being a "violator" of that rule. (M. Larouche Dep. 29).

18. Mr. Larouche regularly used Gilberto Famania as a Spanish/English translator for other non-English speaking employees. (M. Larouche Dep 30).

19. With regard to Myrna Famania, Mr. Larouche testified that he may have had cause to tell her not to speak Spanish because he believed her to "work exclusively in a residential area" such that "anywhere she may work if she was speaking Spanish and I saw her speaking Spanish I probably could have." (M. Larouche Dep. 33).

20. During his deposition, Mr. Larouche recalled that he "may have" spoken to Idalia Alers about not speaking Spanish, but did not remember the exact incident. (M. Larouche Dep. 34-35).

21. Mr. Larouche acknowledged that other managers or those in a supervisory capacity may have reported violations of the English Language rule to him, but that he did not keep a record and only documented violations that he personally found "serious.". (M. Larouche Dep. 37-38).

22. On February 14, 2005, after completing their investigation and failing in their negotiations with Whitney Place at Natick, the E.E.O.C. issued each plaintiff a right to sue letter. Eighty-nine days later, on May 14, 2005 Plaintiff's filed a *pro se* Complaint alleging

national origin discrimination due to Defendant's full-time application of the English Language Requirement. Plaintiff's Complaint specifically states that the E.E.O.C. found no basis to support a claim for a disparate treatment.

23. Defendant Whitney Place at Natick filed a Motion to Dismiss on or about July 20, 2005 alleging that a "full-time application" of a lawful rule cannot be considered unlawful.

24. Plaintiffs submitted their Opposition to the Motion to Dismiss to this Court on August 2, 2005. After hearing arguments on October 5, 2005, this Court denied Defendant's Motion to Dismiss and narrowed the issue before the court to be whether the full-time application of a lawful rule can be discriminatory.

>Respectively submitted,
>Plaintiffs JOSE FAMANIA
>GILBERTO FAMANIA,
>MYRNA FAMANIA,
>IDALIA ALERS
>By their attorney
>
>
>/s/ Joan M. Altamore,
>_____
>Joan M. Altamore, Esquire
>BBO# 640468
>39 Glendower Road
>Roslindale, Massachusetts  02131
>(617) 686-1719

Date: February 14, 2006

## CERTIFICATE OF SERVICE

I, Joan M. Altamore, certify that the above **PLAINTIFFS' LOCAL RULE 56.1 STATEMENT** will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered on February 14, 2006.

/s/    Joan M. Altamore

_____