UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE FAMANIA, GILBERTO FAMANIA, MYRNA FAMANIA, and IDALIA ALERS,<br><br>    Plaintiffs,<br><br>v.<br><br>WHITNEY PLACE AT NATICK, INC.,<br>    Defendant. | CIVIL ACTION No. 05-10996-WGY |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 60(b), Defendant Whitney Place at Natick, Inc. ("Whitney Place") respectfully moves for reconsideration. On March 2, 2006, Young, J. denied Whitney Place's Motion for Summary Judgment. Whitney Place moves for reconsideration of this Order.

Based on the prior rulings of this Court and positions taken by Plaintiffs in open court, Plaintiffs have no theory of relief available to them under Title VII of the Civil Rights Act of 1964.

    **I.    Plaintiffs Challenge Defendants' English Language Policy.**

Whitney Place is an Alzheimer's Assisted Living Center, with nursing facilities and a child and adult day care center. Plaintiffs' charge of discrimination is directed against the Whitney Place English Language Rule. (Complaint, ¶¶ 15, 28, 34, 40, 46) That Rule reads:

> ENGLISH LANGUAGE REQUIREMENT
>
> An essential function of the job for all employees working in areas <u>accessible to residents and families</u> is that they must speak English as a courtesy to our residents. The Company considers this rule as

> a necessary service of our business. Employees working with residents or resident's guests who speak a language other than English may, with the resident's and/or guest's permission, communicate with them in a language other than English. Violation of this rule may lead to disciplinary action, up to and including termination. (emphasis supplied)

Plaintiffs were all born in Puerto Rico. As a matter of law, Plaintiffs are all United States citizens. Gilberto Famania and Myrna Famania are fluent in English. Jose Famania and Idalia Alers speak limited English, but sufficient to have performed their jobs. See (G. Famania Dep. 6, 28, J. Famania Dep. 5,9, I. Alers Dep. 6, 8).

### II.   This Court Held That The English Language Rule Was Lawful. The Rule Is Lawful. There Is No Disparate Impact Claim.

In their Complaint, Plaintiffs stated, in part, that the English Language was facially valid. (Complaint, ¶¶ 27, 33, 39, 45) As such, Whitney Place moved to dismiss. In response to the Motion to Dismiss, Plaintiffs stated that they "accepted that Defendant, Whitney Place, has established a business necessity for their adoption of an English Language Rule." (Pltfs. Mem. in Opp. to Motion to Dismiss, p. 4).

Oral argument was held before the Court on October 5, 2005. At oral argument, this Court held that the English Language Rule was lawful. The Court allowed Whitney Place's motion in part and denied the Motion in part, but did not issue a memorandum.

Since the Court's ruling, Plaintiffs have not presented a valid claim that Whitney Place's English Language Rule has an "unlawful disparate impact" in violation of Title VII of the Civil Rights Act of 1964. Under Griggs v. Duke Power Co., 401 U.S. 424 (1971) and Abermarle Paper Co. v. Moody, 422 U.S. 405 (1975), facially neutral rules that have an adverse impact on a protected group may be held unlawful. The burden of proof for "disparate impact" claims is codified at 42 U.S.C. §2000e-2(k), and the burden of proof is upon Plaintiffs.

-2-

The ultimate question for an "adverse impact" under <u>Griggs</u> and <u>Abermarle Paper</u> is whether the rule is lawful or unlawful.  The Plaintiffs have conceded and this Court held that the English Language Rule <u>was</u> lawful.  In addition, Plaintiffs <u>agree</u> that Defendants have established a business necessity for the English Language Rule.  As such, there can be no claim of "disparate impact" against Whitney Place.

### III. Plaintiffs Set Forth A Disparate Treatment Claim In Paragraph 15 Of Their Complaint.  Plaintiffs Conceded, And This Court Acknowledged At The Hearing On Summary Judgment, That There Is No Longer A Disparate Treatment Claim Against Defendant.

After this Court's ruling on the Motion to Dismiss, Defendant filed a motion for summary judgment.  Neither party cited <u>Griggs</u>, <u>Abermarle</u> or 42 U.S.C. §2000e-2(k) in the Motion for Summary Judgment.  In Plaintiffs' papers submitted in opposition to Defendant's Motion for Summary Judgment, Plaintiffs indicated that "disparate treatment" was not a "theory to be tried."  (Plaintiffs' Local 56.1 Statement, ¶ 15).  At oral argument on March 2, 2006, Plaintiffs abandoned claims of "disparate treatment."  During argument, this Court expressly recognized and ruled that Plaintiffs have abandoned a disparate treatment claim.

#572715
057080/124076

### IV. Conclusion

Plaintiffs have no valid claims that Whitney Place's English Language Rule is a violation of Title VII of the Civil Rights Act of 1964. The Plaintiffs conceded, and the Court found, that the Rule lawful. There is no disparate treatment claim.

This Court should reconsider its Ruling on Defendant's Motion for Summary Judgment.

Respectively submitted,

WHITNEY PLACE AT NATICK, INC.

By its attorneys,

/s/ Richard D. Wayne
Richard D. Wayne, BBO #518200
Brian E. Lewis, BBO #643717
Hinckley Allen Snyder, LLP
28 State Street
Boston, MA 02109-1775
Dated: March 5, 2006                            (617) 345-9000

### CERTIFICATE OF SERVICE

I, Richard D. Wayne, certify that the foregoing *DEFENDANT'S MOTION FOR RECONSIDERATION* will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered on March 5, 2006.

/s/ Richard D. Wayne

#572715
057080/124076