UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE FAMANIA, GILBERTO FAMANIA, MYRNA FAMANIA, and IDALIA ALERS, <br><br>    Plaintiffs, <br><br>v. <br><br>WHITNEY PLACE AT NATICK, INC., <br>    Defendant. | CIVIL ACTION No. 05-10996-WGY |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF
PLAINTIFF'S LINGUISTICS EXPERT**

Defendant Whitney Place at Natick, Inc. ("Whitney Place") moves *in limine*, for an order precluding Plaintiffs Jose Famania, Gilberto Famania, Myrna Famania and Idelia Alers ("Plaintiffs") from introducing the testimony of, or any other evidence related to, a linguistic expert at trial. This Court already has found Whitney Place's English Language Rule lawful. (See transcripts for hearings on October 5, 2005 and March 2, 2006). Expert testimony on that issue, therefore, is irrelevant. Further, said expert has no experience regarding English Language Rules as applied in Alzheimer's centers, nursing homes or persons who are elderly and at risk for the disease.

As a matter of procedure, Plaintiffs have failed to provide Whitney Place with any information regarding a "linguistic expert" and have failed to comply with Fed. R. Civ. P. 26(a)(2) regarding the disclosure of expert testimony. Whitney Place only became aware of Plaintiffs' intention to introduce expert testimony through Plaintiffs' counsel's comment during the Pre-Trial Conference on March 13, 2006. As such, this Court should prevent Plaintiffs from introducing any expert testimony of a "linguistics expert" or any other expert witness.

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony. Under Rule 26(a)(2), a party intending to introduce expert testimony is required to (1) disclose the identity of the expert witness and (2) provide a written report signed by the witness detailing the expert witness' testimony. These disclosures are to be made at least 90 days prior to the trial date. Fed. R. Civ. P. 26(a)(2).

Plaintiffs have failed to comply with any aspect of Rule 26(a)(2). Plaintiffs have not identified any expert witness or provided any written expert report. Plaintiffs' only indication that they were planning on introducing expert testimony came during the March 13, 2006 Pre-Trial Conference in chambers. During the conference, Plaintiffs' attorney indicated that she was planning to present the testimony of the linguistics expert that testified in the case EEOC v. Premier Operators Services, Inc., 113 F.Supp.2d 1066 (N.D. Tex. 2000). Although Plaintiff's attorney did not state the expert's name during the Pre-Trial Conference, review of Premier Operators indicates that Dr. Susan Berk-Seligson testified on behalf of the EEOC as a linguistics expert. 113 F.Supp.2d at 1069-1070.

Before the Pre-Trial Conference, Plaintiffs made no indication that they were seeking to introduce the testimony of Dr. Berk-Seligson or any other expert witness. There is no mention of an expert witness in Plaintiff's Pre-Trial Statement. Since the Pre-Trial Conference, Plaintiffs have not provided any information regarding Dr. Berk-Seligson or any other expert to Whitney Place. In addition, Plaintiffs have not proferred any evidence or other discovery regarding the expert witness' familiarity with Alzheimer's patients or patients at risk for the disease.

If Plaintiffs were allowed to introduce evidence from Dr. Berk-Seligson, or any other expert witness, it would significantly prejudice Whitney Place's ability to defend this lawsuit.

WHEREFORE, Whitney Place respectfully requests that this Court issue an order precluding Plaintiffs from introducing the testimony of, or any other evidence relating to, Dr. Berk-Seligson or any other expert witness.

        Respectively submitted,

        WHITNEY PLACE AT NATICK, INC.

        By its attorneys,

        /s/ Brian E. Lewis_____
        Richard D. Wayne, BBO #518200
        Brian E. Lewis, BBO #643717
        Hinckley Allen Snyder, LLP
        28 State Street
        Boston, MA  02109-1775

Dated:  April 10, 2006        (617) 345-9000

## CERTIFICATE OF SERVICE

I, Brian E. Lewis, certify that the foregoing *DEFENDANT'S MOTION IN LIMINE PRECLUDING TESTIMONY OF LINGUISTIC EXPERTS* will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered on April 10, 2006.

        /s/ Brian E. Lewis_____