UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE FAMANIA, GILBERTO FAMANIA, MYRNA FAMANIA, and IDALIA ALERS, <br><br> Plaintiffs, <br><br> v. <br><br> WHITNEY PLACE AT NATICK, INC., <br> Defendant. | CIVIL ACTION No. 05-10996-WGY |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF ALLEGED INCIDENTS THAT OCCURRED PRIOR TO DECEMBER 15, 2001**

Defendant Whitney Place at Natick, Inc. ("Whitney Place") moves *in limine*, for an order precluding Plaintiffs Jose Famania, Gilberto Famania, Myrna Famania and Idalia Alers ("Plaintiffs") from introducing evidence of alleged incidents of discrimination or alleged overbroad applications of Whitney Place's English Language Rule that occurred prior to December 15, 2001. Plaintiffs allege that charges were filed with the Equal Employment Opportunity Commission on October 12, 2002. (Plaintiffs' Oppos. to Motion for Summary Judgment, p. 1) Consideration of such alleged incidents is not relevant to the issues in this case, as such incidents fall outside of the three hundred (300) day statute of limitations for claims under Title VII of the Civil Rights Act of 1964 ("Title VII").

Plaintiffs bring a claim against Whitney Place for national origin discrimination under Title VII based on Whitney Place's English Language Rule. This Court already has found the English Language Rule lawful (See transcripts of hearings on October 5, 2005 and March 2, 2006). Plaintiffs claim that the English Language Rule is applied overbroadly in violation of

Title VII. There is <u>no</u> claim of "hostile work environment;" that claim was expressly abandoned at the March 2, 2006 hearing on Summary Judgment.

Plaintiffs allege that they filed their complaints with the Equal Employment Opportunity Commission ("EEOC") on October 12, 2002.[1] Under Title VII, a party must file a charge of discrimination within three hundred (300) days of the alleged unlawful employment practice. 42 U.S.C. §2000e-5(e)(1).

In their depositions and in other discovery responses, Plaintiffs have referred to a number of alleged incidents and alleged overbroad application of the English Language Rule that occurred well before the three hundred (300) day statute of limitations. Discrete discriminatory acts, such as alleged violations or overbroad applications of the English Language Rule, must fall within three hundred (300) days of the filing of the EEOC charge. See <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 110, 122 S.Ct. 2060, 2071 (2002). Discrete acts falling within the statutory time period do not make timely acts that fall outside the time period. <u>Id</u>. at 2072 ("discrete acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act.") The statute of limitations under for a Title VII claim, therefore, bars any consideration of alleged incidents that occurred prior to the three hundred (300) days to the filing of the charge. Alleged incidents or alleged discriminatory acts that occurred prior to December 15, 2001 are untimely.[2]

WHEREFORE, Whitney Place respectfully requests that this Court issue an order precluding Plaintiffs from introducing evidence of alleged incidents or alleged discriminatory

---

[1] Plaintiffs have alleged that the filing date was October 12, 2002. For purposes of this motion *in limine*, Whitney Place will assume that Plaintiffs' filing date was October 12, 2002.

[2] Plaintiffs have <u>not</u> alleged a "hostile work environment" claim under Title VII. Cf. <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 115-120, 122 S.Ct. 2073-2077 (2002)

#577166

acts that occurred prior to December 15, 2001, as consideration of such incidents or acts is barred by the statute of limitations under Title VII.[3]

 

Respectively submitted,

WHITNEY PLACE AT NATICK, INC.

By its attorneys,

/s/ Brian E. Lewis_____
Richard D. Wayne, BBO #518200
Brian E. Lewis, BBO #643717
Hinckley Allen Snyder, LLP
28 State Street
Boston, MA  02109-1775

Dated:  April 10, 2006                (617) 345-9000

## CERTIFICATE OF SERVICE

    I, Brian E. Lewis certify that the foregoing *DEFENDANT'S MOTION IN LIMINE PRECLUDING TESTIMONY OF UNTIMELY ALLEGED INCIDENTS* will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered on April 10, 2006.

/s/ Brian E. Lewis

---

[3] December 15, 2001 is calculated from October 12, 2002, the date that Plaintiffs allege they filed their charges of discrimination with the EEOC.

#577166