UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE FAMANIA, GILBERTO FAMANIA, MYRNA FAMANIA, and IDALIA ALERS,<br><br>    Plaintiffs,<br><br>    v.<br><br>WHITNEY PLACE AT NATICK, INC.,<br>    Defendant. | CIVIL ACTION No. 05-10996-WGY |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE ON MATTERS OUTSIDE THE SCOPE OF THE CHARGES OF DISCRIMINATION**

Defendant Whitney Place at Natick, Inc. ("Whitney Place") moves *in limine*, for an order precluding Plaintiffs Jose Famania, Gilberto Famania, Myrna Famania and Idelia Alers ("Plaintiffs") from introducing evidence on matters outside the scope of Plaintiffs' charges filed with the Equal Employment Opportunity Commission ("EEOC") and on matters abandoned by Plaintiffs or beyond the issue defined by the Court and accepted by Plaintiffs on during the October 5, 2005 hearing.

Plaintiffs allege that they filed charges with the Equal Employment Opportunity Commission ("EEOC") on October 12, 2002. (Plaintiffs' Oppos. to Motion for Summary Judgment, p. 1.) In the EEOC Charges of discrimination, Plaintiffs allege that Whitney Place applied its English Language Rule "to me, but not to other similarly situated non-Hispanic employees" and Brazilians "are allowed to speak their native language in front of residents, Respondent's managers, medical staff and administrators without reprimand." The allegations regarding Brazilians were abandoned by Plaintiffs at the March 2, 2006 hearing.

-2-

The administrative charge before the EEOC "affords formal notice to the employer and prospective defendant of the charges that have been made against it." Powers v. Grinnell Corp., 915 F.2d 34, 37 (1st Cir. 1990). The scope of the subsequent civil complaint is limited to the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of the charge. Id. See also Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir., 1996). The critical question in determining the scope of the litigation is whether the claims set forth in the civil complaint come within the scope of the EEOC investigation. See Powers, 915 F.2d at 38. See also White v. New Hampshire Dept. of Corrections, 221 F.3d 254, 263 (1st Cir. 2000).

WHEREFORE, Whitney Place respectfully requests that this Court prevent Plaintiffs from introducing any evidence concerning matters outside the scope of Plaintiffs' charges of discrimination with the EEOC and on matters abandoned by Plaintiffs or beyond the issue defined by the Court and accepted by Plaintiffs during the October 5, 2005 hearing.

Respectively submitted,

WHITNEY PLACE AT NATICK, INC.

By its attorneys,

/s/ Brian E. Lewis
Richard D. Wayne, BBO #518200
Brian E. Lewis, BBO #643717
Hinckley Allen Snyder, LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

Dated: April 10, 2006

#577366

-3-

## CERTIFICATE OF SERVICE

      I, Brian E. Lewis, certify that the foregoing *DEFENDANT'S MOTION IN LIMINE PRECLUDING TESTIMONY OF MATTERS OUTSIDE THE SCOPE OF THE EEOC CHARGE* will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered on April 10, 2006.

                                             /s/ Brian E. Lewis_____

#577366